**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **MICHAEL GARRETT,** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:16-CV-3233-M** |
| | ) | |
| **LORIE DAVIS, Director, Texas** | ) | |
| **Dept. Of Criminal Justice, Correctional** | ) | |
| **Institutions Division,** | ) | |
| **Respondent.** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), implemented by an Order of the Court,

this case has been referred to the United States Magistrate Judge.  The findings, conclusions and

recommendation of the Magistrate Judge are as follows:

I.

Petitioner filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254.  He is

a state prisoner, currently incarcerated in the Texas Department of Criminal Justice -

Correctional Institutions Division ("TDCJ-CID").  Respondent is Lorie Davis, Director of the

TDCJ-CID.

Petitioner challenges his conviction for aggravated robbery.  *State of Texas v. Garrett*,

No. F-9239878 (292nd Dist. Ct., Dallas County, Tex. July 18, 1994).  He was sentenced to ninety-

nine years in prison.  On May 29, 1996, the Fifth District Court of Appeals affirmed.  *Garrett v.*

*Texas*, No. 05-94-01144-CR, 1996 WL 283271 (Tex. App. – Dallas, May 29, 1996, pet. ref'd).

On May 5, 2004, Petitioner filed his first § 2254 petition challenging this conviction. *See Garrett v. Dretke*, No. 3:04-CV-957-P (N.D. Tex.). On November 7, 2007, the district court denied the petition on the merits.

On November 27, 2006, Petitioner filed a motion for relief from judgment under Fed. R. Civ. P. 60(b). *See Garrett v. Quarterman*, No. 3:06-CV-2286-P (N.D. Tex.). On December 7, 2006, the district court construed the motion as a successive § 2254 petition and transferred the petition to the Fifth Circuit Court of Appeals.

On November 17, 2016, Petitioner filed the instant petition. He argues: (1) he received ineffective assistance of counsel; (2) he has newly discovered evidence to support his claims; and (3) the prosecutor committed misconduct.

## II.

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a federal prisoner may file a second or successive motion for post-conviction relief. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Publ. L. 104-132, 110 Stat. 1214 (1996). A defendant must show that the successive motion is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court. *See* 28 U.S.C. § 2244(b)(2). Before Petitioner files his application in this Court, a three-judge panel of the Fifth Circuit must determine whether the application makes the requisite prima facie showing. *See* 28 U.S.C. § 2244(b)(3)(A) and (B).

The Fifth Circuit has not issued an order authorizing this Court to consider the successive

motion. Petitioner must obtain such an order before another petition for habeas relief under

§ 2254 is filed.

III.

For the foregoing reasons, the undersigned Magistrate Judge hereby recommends that the

instant petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be TRANSFERRED

to the United States Court of Appeals for the Fifth Circuit pursuant to *In re Epps*, 127 F.3d 364,

365 (5th Cir. 1997).

Signed this 29th  day of November,  2016.


PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).